**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

DEMARREO EWING,

                Plaintiff,

        v.                         Case No. 1:09-cv-01020

GREGORY TANGMAN,
B. BRAND

                Defendants.

MEMORANDUM OPINION AND ORDER

INTRODUCTION

Before the court are the defendant Tangman and defendant Brand's motion to dismiss [29] and the plaintiff's response [33]. Gregory Tangman and B. Brand are correctional officers at Pontiac Correctional Center ("Pontiac"). The plaintiff, Demarreo Ewing, has submitted a complaint under 42 U.S.C. § 1983 against the defendants Gregory Tangman and B. Brand [1]. The plaintiff alleges the defendants violated his rights under the Due Process Clause and the Eighth Amendment to the United States Constitution by subjecting him to cruel and unusual punishment, excessive force and deliberate indifference to his medical needs. The plaintiff prays for relief in the form of compensatory and punitive damages and attorney fees totaling $150,000 against each defendant. The defendants, Tangman and Brand, by their attorney Lisa Madigan, have moved the court for an order dismissing the plaintiff's claim because the plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act.

MOTION TO DISMISS STANDARD

It is well established that *pro se* complaints are to liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied,* 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

1

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski,* 644 F.2d at 1207 quoting *Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

ALLEGATIONS

The plaintiff alleges that the defendants denied the plaintiff twenty-two meals during the month of July 2008.  As a result of the denial of his meals, the plaintiff claims he obstructed the view of his cell observation window and covered himself in toothpaste in an attempt to gain the attention of administrative officials.  The plaintiff's attempts for attention resulted in a cell transfer order.  The plaintiff alleges that during the cell transfer by the defendants on July 8, 2008, he was pushed into the wall and cuffed too tightly resulting in lacerations to his wrist and ankles and back pain.  The plaintiff further alleges he was denied medical care for these injuries.

The plaintiff also alleges he submitted at least four grievance forms relating to this incident.[1]  As a result of these incidents involving alleged excessive force, the plaintiff claims his due process rights were violated.  The plaintiff further claims the denial of medical treatment for his alleged injuries constitutes a violation of the Eight Amendment for deliberate indifference.

---

[1]  In the plaintiff's amended complaint, he claims that he submitted grievance forms regarding the defendants' alleged behavior on July 3, July 24 and August 8th of 2008. [12].  In plaintiff's affidavit, he alleges an additional grievance was submitted regarding defendant Brand on July 23, 2008. [34].  However, the plaintiff's allegations are inconsistent with the documentation provided to the court by the plaintiff.  The grievance forms provided as Exhibit B and Exhibit C [34] are dated August 30, 2008 and August 17, 2008 respectively.  There were no grievances submitted to the court on the dates the plaintiff alleged in his complaint nor do any of the grievances submitted mention defendant Brand.

DISCUSSION AND CONCLUSION

## I. Plaintiff Failed to Exhaust His Administrative Remedies

All prison inmates bringing an action under 42 U.S.C. § 1983 with respect to prison conditions must first exhaust all available administrative remedies pursuant to the Prison Litigation Reform Act. The act specifically states, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are available are exhausted." 42 U.S.C. § 1997e (a). The exhaustion of administrative remedies specified in section 1997 applies to all inmate suits about prison life, including excessive force claims, regardless of the particular wrong alleged. *Porter v. Nussle*, 534 U.S. 516, 534 (2002). Exhaustion is a mandatory provision and is not left to the discretion of the district court. *Booth v. Churner*, 532 U.S. 731, 739 (2001); *see also Perez v. Wis. Dept. Of Corr.*, 182 F.3d 532, 535. A prisoner must exhaust administrative remedies regardless of the type of relief the plaintiff seeks, including monetary damages. *Booth,* 532 U.S. at 741. Exhaustion under section 1997 requires full and proper exhaustion of administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).

The grievance procedures available to the plaintiff are set forth in 20 Ill. Adm. Code 504.800 et seq. A prisoner must first file a complaint through his or her counselor. If the complaint cannot be resolved through the counselor, the prisoner may file a written grievance with the Grievance Officer. 20 Ill. Adm. Code 504.810. The Grievance Officer reports his or her findings and recommendations to the Chief Administrative Officer "CAO" (the warden), and the CAO advises the prisoner of the decision. Ill. Admin. Code 504.830. If the complaint is still not resolved to the prisoner's satisfaction, he or she may appeal to the Director of the IDOC, and the complaint is reviewed by the Administrative Board, with the Director making the final determination. 20 Ill. Adm. Code 504.850. A prisoner may file an emergency grievance directly with the CAO, but the CAO determines whether the grievance should be handled as an emergency. 20 Ill. Adm. Code 504.840.

In the instant case, petitioner failed to exhaust the available administrative remedies against the defendants as required by the Prison Litigation Reform Act. Once the Grievance Counselor responded to the petitioner's complaints on August 8, 2008 and September 8, 2008 respectively, the petitioner failed to forward the grievance to the Grievance Officer as required by the Illinois Administrative Code. [Defendants' Exhibit A, 30]. The defendant failure to forward the grievance to the Grievance Counselor and send the facility responses to the Administrative Review Board illustrates he did not take all the steps required to exhaust his administrative remedies as required by the Prison Litigation Reform Act. As a result of the petitioner's failure to exhaust his available administrative remedies against the defendants, the defendants' motion to dismiss must be granted and his suit dismissed

pursuant to section 1997.

**It is therefore ordered:**

1. **Based on 42 U.S.C. § 1997e(a) , the defendants' motion to dismiss [29] is granted. The clerk of the court is directed to terminate this lawsuits in its entirety, forthwith.**

**Entered this 5th day of January 2010.**

**s\Harold A. Baker**

_____

Harold A. Baker

United States District Judge